WO                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No.   CV-24-01795-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **INJUNCTION ORDER** |
| Ryan Thornell, et al., | |
| Defendants. | |

      Self-represented Plaintiff Alfred E. Caraffa, who is confined in the Arizona State Prison Complex-Yuma, is abusing the legal process. In an August 9, 2024 Order, the Court dismissed Plaintiff's Complaint and ordered Plaintiff, who is already subject to the three-strikes provision of the Prison Litigation Reform Act, to show cause why the Court should not impose an abusive-litigant injunction to further curb Plaintiff's abuse of the legal process. Plaintiff responded. The Court, unpersuaded by the response, will impose an abusive-litigant injunction.

      In the Order to Show Cause, the Court examined Plaintiff's voluminous filings and concluded, based on the number and nature of those filings, that Plaintiff's conduct is manifestly abusive and harassing. The Court concluded more stringent measures were required, proposed an abusive-litigant injunction, and gave Plaintiff an opportunity to show cause why such an injunction should not be imposed.

      On August 15, 2024, Plaintiff filed a Response. In the Response, Plaintiff asserts that none of the cases listed in the Appendix attached to the Order to Show Cause were

decided on the merits and that the issues in those cases were "based on" sections four, six, and twelve of article 20 of the Arizona Constitution[1] and "in violation of" the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments. Plaintiff contends the Appendix is "missing at least 50 . . . case(s) . . . , including impeachment case numbers 24-90024 and 24-90025." Plaintiff asserts one of these impeachment cases is an "impeachment trial" against the undersigned. Plaintiff also alleges limiting Plaintiff's lawsuits to 21 pages[2] would be an "unconstitutional requirement" and "another corrupted way" to "restrict the civil/habeas action(s) filed to not be heard on the merit(s)" because "there are 100s of action filed every year in the federal court(s) that exceed 21 pages." Plaintiff also claims Plaintiff did not receive the Order to Show Cause until August 13, 2024, and appears to assert Plaintiff's access to the courts was restricted because of the fourteen-day deadline to respond and "limited legal supplies with NO approved envelope(s)." In addition, Plaintiff contends the Order to Show Cause has "NO handwritten date nor handwritten signature."

Plaintiff's Response does not alter the Court's conclusion that constraining Plaintiff's abusive conduct is necessary and appropriate and that the terms proposed in the Order to Show Cause are a narrowly tailored means of limiting Plaintiff's abusive conduct while ensuring Plaintiff's access to the courts for cases truly meriting the Court's attention.

**IT IS ORDERED:**

(1) Effective on this date, Plaintiff is enjoined from filing or lodging more than **three** in forma pauperis lawsuits **per calendar year**. The Clerk of Court shall not accept and shall return every in forma pauperis lawsuit submitted exceeding this limit.

---

[1] Section 4 relates to "Public lands; Indian lands"; section six discusses "Territorial debts and liabilities"; and section twelve concerns "Lands granted to state." These sections are inapplicable to Plaintiff's lawsuits, notwithstanding Plaintiff's convoluted and nonsensical argument that "under the Fourteenth Amendment of equal protection of law[,] if Indians or Indian tribes have immunity to state law on the Arizona Reservation then all people[,] American(s) or not[,] that are person(s)[,] have the same equal protection of law."

[2] In the Order to Show Cause, the Court indicated that the proposed abusive litigant injunction would require Plaintiff to certify that a proposed complaint complies with Local Rule of Civil Procedure 3.4 and explained that a document that complies with Local Rule of Civil Procedure 3.4 would be no longer than 21 pages.

(2) As to the three lawsuits per year, Plaintiff is enjoined from filing any civil action in this or any other federal court without first obtaining leave of the court. In seeking leave to file, Plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File." In the Application,

    (a) **In the first sentence**, Plaintiff must certify that the claim or claims presented are new **and** have never been raised and disposed of on the merits by any federal court.

    (b) **In the second sentence**, Plaintiff must certify that, to the best of Plaintiff's knowledge, the claim or claims presented are not frivolous or taken in bad faith.

    (c) **In the third sentence**, Plaintiff must certify that the Complaint complies with Local Rule of Civil Procedure 3.4, including the **21-page** limit.

    (d) **The failure to comply strictly with the terms of this Order shall be sufficient grounds to deny leave to file**.

    (e) **False certifications may subject Plaintiff to sanctions**.

(3) Because Plaintiff has "three strikes," any future in forma pauperis lawsuit Plaintiff files must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of serious physical injury. **False allegations of imminent danger may subject Plaintiff to sanctions**.

(4) The Clerk of Court **must close** this case and **enter judgment**.

(5) **The Clerk of Court must accept no further documents for filing in this case number, other than those in furtherance of an appeal**.

Dated this 27th day of August, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge